UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET HUFF,

                Plaintiff,                 Case Number 08-13029
                                                      Honorable David M. Lawson
v.                                                   Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE COMMISSIONER**

The plaintiff filed the present action on July 14, 2008 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits (DIB) under Title II. The case was referred to United States Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and the defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Majzoub filed a report on August 24, 2009 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the decision of the Commissioner affirmed. The plaintiff filed timely objections to the recommendation, to which the defendant responded. This matter is now before the Court for *de novo* review.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's response and has made a *de novo* review of the administrative record in light

of the parties' submissions. In her motion for summary judgment, the plaintiff contends that the Administrative Law Judge (ALJ) improperly disregarded a disability opinion by Dr. Geoffrey K. Seidel, whom the plaintiff insists is a treating physician, but whom the ALJ found to have the status of a consultant. The plaintiff also argued that the ALJ erred by finding that the plaintiff's description of her own limitations was not fully credible. The plaintiff makes other arguments in her motion as well, but the centerpiece of her case plainly is Dr. Seidel's opinion. The magistrate judge filed a complete and thorough report addressing and rejecting each of the plaintiff's arguments. In her objections, the plaintiff repeats the arguments stated in her summary judgment motion without any further development.

The plaintiff, who is currently forty-seven years old, filed her DIB application on September 10, 2004 when she was forty-four. She has a GED and was employed as a stock selector in a warehouse, where she prepared orders for shipment until she was laid off in March 2003. She has also worked as an apartment maintenance worker, an office cleaner, and a press operator in the past. The records show that the plaintiff had complained of pain in her back, neck, and hip in the past, but she testified that most of her problems began on September 6, 2003 when she injured her back after falling off her husband's boat and impacting a dock. She did not seek medical attention until four days after this accident, when she went to an emergency room. She was treated and released, and her medical history thereafter is one of conservative treatment with medication and physical therapy. She also asserts that she suffers from bilateral carpel tunnel syndrome, a residual injury diagnosed in 1989 after her arm was caught in a machine at work. She claims that she has been disabled and unable to work since the boating accident due to acute lumbrosacral disc disease and a series of related back and spine disorders.

The plaintiff's application for disability insurance benefits was denied initially. The plaintiff made a timely request for an administrative hearing. On March 13, 2007, she appeared before ALJ Lubomyr M. Jachnycky when she was forty-five years old. ALJ Jachnycky filed a decision on April 25, 2007 in which he found that the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ found that the plaintiff had not engaged in substantial gainful activity since September 6, 2003, the alleged onset date (step one); the plaintiff suffered from disorders of the spine with scoliosis, neck pain, bilateral carpal tunnel syndrome, migraine headaches, a history of right knee joint instability, right hip pain, and ulnar neuropathy, impairments that are considered "severe" under the Social Security Act (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff was unable to perform any past relevant work, which was found to be unskilled and semi-skilled and required light to medium exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a limited range of sedentary work. The ALJ found that the plaintiff was able to lift and carry 10 pounds on an occasional basis, and sit for 6 hours and stand or walk for two hours, provided she could stand at will after 20 minutes. The ALJ also concluded that she could not climb stairs, kneel, crouch, crawl, reach above shoulder level, or engage in power gripping or firm grasping with either of her arms. A vocational expert testified that several jobs fit within these limitations, including bench packager, visual bench inspector, bench sorter and wrapper inspector, and bench assembler of small items, and the ALJ found that those jobs existed in significant numbers in the national economy. Based on that finding and using the Medical Vocational

Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.28 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on May 15, 2008.

As noted earlier, the magistrate judge reviewed the record and found that substantial evidence supports the ALJ's findings. She concluded that substantial evidence supports the ALJ's conclusion that Dr. Seidel was not a treating source, *see* 20 C.F.R. § 404.1502 ("We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your need for medical treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability."); *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (observing that "[t]he treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time," which Dr. Seidel did not, "will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once"); the ALJ's rejection of his opinion was based on other permissible factors in the record and was explained adequately, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); the ALJ's determination of the plaintiff's credibility was explained properly and supported by substantial evidence in the record, *see Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007); and the Commissioner sustained his step-five burden as a result of the vocational expert's testimony, which was based on a proper hypothetical question, *see Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (reiterating that "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the

[vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate"). The magistrate judge also concluded that Dr. Joseph Price's "me too" report adopting Dr. Seidel's opinion and Dr. Price's authorization of a handicap parking tag were not part of the administrative record, nor did they constitute new and material evidence that warranted a sentence-six remand. *See* 42 U.S.C. § 405(g); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan,* 2 F.3d 692, 695-96 (6th Cir. 1993). The magistrate judge's report is complete, thorough, discusses the administrative record in detail, and specifically addresses each of the plaintiff's arguments raised in her summary judgment motion. The plaintiff's objections to the report amount to nothing more than a list of the issues raised in the summary judgment motion; there is no argument or explanation of how the magistrate judge erred or why her reasoning was defective or not supported by existing authority.

Generally, objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). However, the Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The plaintiff's objections are too general to satisfy the specific objection requirement. Moreover, she fails to identify any issues with the report itself, other than registering her general disagreement with its outcome. "[T]he failure to file specific objections to a magistrate's report

-5-

constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Nonetheless, the Court has conducted a *de novo* review of the administrative record and the parties' submissions in this Court. The Court concludes that the magistrate judge was correct in each of her findings and conclusions, and further elaboration would not aid in the explication of the issues. The Court agrees with the findings and conclusions of the magistrate judge and adopts them as its own.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack substance and merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #18] is **ADOPTED**, and the plaintiff's objections [dkt #19] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #10] is **DENIED** and the defendant's motion for summary judgment [dkt. #13] is **GRANTED**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 29, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 29, 2009.

s/Lisa M. Ware
LISA M. WARE